**Alexis SHUMWAY, Petitioner–Appellant,**

v.

**Alice PAYNE, Superintendent of Washington State Penitentiary at Purdy, Respondent–Appellee.**

No. 99–35726.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2000

Filed Aug. 24, 2000

Sheryl Gordon McCloud, Law Offices of Sheryl Gordon McCloud, Seattle, Washington, for the petitioner-appellant.

Paul D. Weisser and Daniel J. Judge, Deputy Attorney Generals, Olympia, Washington, for the respondent-appellee.

Before: RYMER and T.G. NELSON, Circuit Judges, and BROWNING,[1] District Judge.

T.G. NELSON, Circuit Judge:

■ Alexis Shumway appeals the federal district court's denial of her 28 U.S.C. § 2254 habeas corpus petition challenging her state conviction of first-degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253 and review the district court's decision *de novo.*[2]

I.

Suzine Van Sickle died on November 18, 1990. On February 18, 1991, Alexis Shumway contacted the police, stating that she had information that Van Sickle, her grandmother, had been murdered. Police detectives met with Shumway at her home, where they recorded her statement. Shumway told police that she and her mother had fed her grandmother about fifty pills of Dilantin that had been ground up in a blender and mixed into some clam chowder. When her grandmother did not

---

1. The Honorable William D. Browning, United States District Judge for the District of Arizona, sitting by designation.

2. *See Eslaminia v. White,* 136 F.3d 1234, 1236 (9th Cir.1998).

die from the overdose, Shumway told police that her mother smothered her grandmother with a pillow. Shumway admitted to assisting her mother in holding the pillow down.

The trial court denied Shumway's motion to sever, and Shumway and her mother were tried together. The trial court admitted, over objections, redacted copies of the statements each defendant had made to the police. Both Shumway and her mother were convicted of first-degree murder. Shumway received a sentence of 240 months' imprisonment, and her mother received a sentence of 420 months' imprisonment.

Shumway and her mother appealed their convictions to the Washington Court of Appeals. That court affirmed the convictions, finding that a jury instruction, while erroneous, was harmless error; that mandatory severance was not required because it found that Shumway's redacted statement did not directly refer to her mother and that her mother's redacted statement did not directly refer to Shumway; and that the trial court's denial of Shumway's motion for discretionary severance was not an abuse of discretion because the exculpatory statements that had been redacted would have been inadmissible hearsay at a separate trial.

Shumway filed a petition for discretionary review with the Washington Supreme Court. The Washington Supreme Court denied Shumway's petition for discretionary review, and the United States Supreme Court denied certiorari.

Shumway then filed a personal restraint petition in the Washington Court of Appeals. She raised the following three issues: (1) "The trial court's decision to deny the motion to sever violated the due process and confrontation clauses of the U.S. Constitution"; (2) "All statements Alexis made to Detective Mooney, after she was a suspect and retained counsel, should have been suppressed"; and (3)

"Trial counsel were ineffective for failing to raise Alexis' diminished capacity as a defense at trial." The Court of Appeals dismissed Shumway's petition, finding that her first two issues were procedurally barred, and rejected the remaining issue based on its finding that Shumway failed to demonstrate that the defense of diminished capacity would have been available to her at trial. Shumway did not apply to the Washington Supreme Court for discretionary review of the court of appeals' dismissal of her personal restraint petition.

Shumway filed a petition for a writ of habeas corpus in federal district court on January 31, 1997. A magistrate judge believed that there was some question as to whether two of Shumway's issues would be found to be procedurally barred by a Washington court. The district court certified two questions to the Washington Supreme Court asking whether Shumway could then present her claims of severance and ineffective assistance of counsel to that court and whether a mandatory state procedural rule barred those claims. That court found that Shumway's claims would be barred by the Washington procedural rule barring post-conviction petitions for relief filed more than one year from the date the conviction became final.[3] Upon return to the district court, a magistrate judge recommended that three of Shumway's issues raised in her federal habeas petition, the two that had been addressed by the Washington Supreme Court on certification and one additional issue regarding the redaction of Shumway's statement to police, were procedurally barred and her remaining claims concerned a jury instruction that amounted to harmless error. The district court adopted the magistrate judge's report and recommendation and denied Shumway's petition for a writ of habeas corpus. Shumway appeals.

## II.

### A. Jury Instruction

█ In the instructions given to the jury by the trial court, instruction ten stat-

---

**3.** *See* Wash. Rev.Code § 10.73.090.

ed that, in order to convict, the jury had to find:

> (1) That on or about the 18th day of November, 1990, the defendant or her accomplice caused the death of Suzine Van Sickle;
>
> (2) That the defendant or her accomplice acted with intent to cause the death of Suzine Van Sickle;
>
> (3) That the intent to cause the death was premeditated;
>
> (4) That Suzine Van Sickle died as a result of defendant's or her accomplice's acts; and
>
> (5) That the acts occurred in King County, Washington.

Shumway claims that this instruction was erroneous because it permitted the jury to split the act and the intent between the defendants and to convict her without finding she possessed the requisite criminal intent. When the Washington Court of Appeals addressed Shumway's contention that this instruction warranted reversal, the court stated:

> We do not approve of the wording of this instruction because, as the defendants argue, under some circumstances it could allow a jury to assign the mental state to one defendant and the act to another, thereby avoiding the requirement that the jury find that the principal both performed the act and had the requisite mental state. However, the instruction does not mandate reversal in this case. The defendants have not established prejudice because there was sufficient evidence for a reasonable jury to find both defendants guilty as principals in the commission of the murder.

In its review of Shumway's direct appeal, the Washington Court of Appeal placed the burden of proof on Shumway to show that the error was not harmless, rather than on the State to show that the error was harmless. Therefore, Shumway argues, the Antiterrorism and Effective Death Penalty Act ("AEDPA")[4] would not bar this court from granting relief because the Washington Court of Appeals applied a standard of review which was contrary to clearly established federal law as stated in *Chapman v. California*.[5]

In *Bains v. Cambra*,[6] we held that even where a state appellate court failed to apply the *Chapman* standard of review, as required by Supreme Court law, the harmless error standard announced in *Brecht v. Abrahamson*[7] applies on federal habeas review. We must therefore determine whether the jury instruction resulted in an error that "had substantial and injurious effect or influence in determining the jury's verdict."[8] We hold it did not.

■ If, as the Washington Court of Appeals noted, instruction ten allowed the jury to assign the mental state to one defendant and the act to another, that "error," if any, was harmless under Washington law.[9] The Washington Court of Appeals has approved the use of the instruction as it was worded in Shumway's case because "it is sufficient to convict all of the participants if the State can prove that the life-threatening injury was inflicted by one or more of the participants during the [crime] and that at least one of the participants intended to inflict great bodily harm."[10] Under Washington law, to be convicted as an accomplice, "[j]urors need only conclude unanimously that both the principal(s) and the accomplice(s) participated in the crime, but need not be

---

4. *See* 28 U.S.C. § 2254(d).

5. 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

6. 204 F.3d 964, 977 (9th Cir.2000).

7. 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

8. *Brecht,* 507 U.S. at 623, 113 S.Ct. 1710.

9. *See State v. Haack,* 88 Wash.App. 423, 958 P.2d 1001 (1997).

10. *Id.* at 1004.

unanimous as to the manner of that participation." [11]

Shumway admitted to grinding Dilantin pills to poison her grandmother's soup and to holding a pillow down over her grandmother's face. Therefore, the fact that jury instruction ten may have split the mental state and the act among the defendants could not have had a "substantial and injurious effect or influence" on the jury's verdict because it was not an incorrect statement of Washington law. The arguably improper jury instruction was therefore harmless.

## B. Exhaustion

■ Shumway claims that redaction of portions of her statement to police violated her right to Due Process and to present a defense at trial. The district court found that this issue was procedurally barred because it had not been exhausted in state court proceedings.

■ "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." [12] "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." [13] To "fairly present" a federal claim to state courts, Shumway "had to alert the state courts to the fact that [she] was asserting a claim under the United States Constitution." [14]

In Shumway's petition for discretionary review of her direct appeal to the Washington Supreme Court, Shumway raised solely the following two issues:

I. Review should be granted because the trial court's decision to admit selected, inculpatory portions of court statements, but exclude the balance of those statements that tended to exculpate Alexis, conflicted with [Evidentiary Rule] 106, the rule of completeness, and the right to due process; its harmless error review also defied logic and precedent.

II. The "to convict" instruction permitted Alexis to be convicted even if she neither caused nor intended the death, nor acted as an accomplice. Review should be granted (1) because this is constitutional error; and (2) to give needed guidance to trial courts about giving proper accomplice instructions.

As to the first issue, Shumway addressed five sub-issues. Part A urged the court to grant review "because all controlling authority prevents selective admission of portions of inculpatory out of court statements, while exculpatory portions are excluded," parts B, C, and D addressed arguments relating to a state evidence rule, and part E discussed the common-law "rule of completeness." In her discussion in part A, Shumway cited two Washington state court cases and a decision of the Kansas Supreme Court.

■ Shumway's naked reference to "due process" in Issue I was insufficient to state a federal claim. "[I]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." [15] Therefore, Shumway's statement of the issue presented did not "fairly present" her federal claim to the Washington Supreme Court.

■ Shumway contends that she fairly presented her federal claim to the state

11. *Id.*

12. 28 U.S.C. § 2254(b)(1)(A).

13. *Gray v. Netherland,* 518 U.S. 152, 162–63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996).

14. *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999).

15. *Gray,* 518 U.S. at 163, 116 S.Ct. 2074.

court when she alleged claims that arose from the same factual basis upon which she now rests her federal claim. However, "[t]he mere similarity between a claim of state and federal error is insufficient to establish exhaustion."[16] In *Hiivala v. Wood,* this court upheld the district court's finding that Hiivala failed to present his federal claim to the state court, even though the factual basis for the claim was presented to the state court on state law grounds.[17] Therefore, the mere fact that the Washington Supreme Court was aware of the underlying facts that may have given rise to a federal constitutional claim is insufficient to exhaust Shumway's federal claim.

 Shumway also claims that her citation of a Kansas Supreme Court case was sufficient to place the Washington Supreme Court on notice of her federal claim because that case relied on federal constitutional law. However, although the court in *State v. Rakestraw,*[18] did mention the Sixth Amendment, a prior state court decision formed the basis of its holding.[19] Furthermore, Shumway quoted directly from the portion of *Rakestraw* that she believed relevant to support her claim before the Washington Supreme Court. That quoted material makes no mention of a federal constitutional claim, other than a vague reference to a "fair trial." Finally, the constitutional violation alleged in *Rakestraw* is not the same violation that Shumway alleges in her brief. Shumway asserts that the exclusion of the exculpatory statements in the portions of her statement that was redacted "violates the rights to due process and to present a defense." In *Rakestraw,* however, the defendant's federal claim appears to have been that the redaction violated his Sixth Amendment right to confront witnesses against him.[20] Where the constitutional claim raised in a cited case is not the same claim that the petitioner asserts was presented to the state court, "it is clear that such a citation is insufficient."[21]

Thus, Shumway's reference to "due process" and her citation to a Kansas decision were insufficient to place the Washington Supreme Court on notice of her federal claim arising from the trial court's redaction. Shumway has therefore failed to exhaust this claim in the state court.

**C. Adequacy of Washington Procedural Bar**

 The Washington Supreme Court found that Wash. Rev.Code § 10.73.090 barred Shumway's claims relating to severance and ineffective assistance of counsel.[22] Having found that Shumway also failed to exhaust her redaction claim, Section 10.73.090 would also bar Shumway from now presenting that claim to the Washington Supreme Court since it has been more than one year from the date her judgment of conviction became final.

16. *Hiivala,* 195 F.3d at 1106; *see also Johnson v. Zenon,* 88 F.3d 828, 830 (9th Cir.1996) ("If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

17. *Hiivala,* 195 F.3d at 1106–07; *see also Picard v. Connor,* 404 U.S. 270, 275–77, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (finding petitioner failed to exhaust his claim before state court where he had stated the same factual basis but not the same federal constitutional legal basis for relief).

18. 255 Kan. 35, 871 P.2d 1274 (1994).

19. *See id.* at 1280 (*"Our cases,* however, require a trial judge to conduct further inquiry before admitting a redacted statement." (emphasis added)).

20. *Id.*

21. *Anderson v. Harless,* 459 U.S. 4, 7 n. 3, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982).

22. In an alternative holding, the Washington Supreme Court found that Shumway's claims would also be barred by Wash. Rev.Code § 10.73.140. Because we hold that § 10.73.090 is adequate to bar federal habeas review, we do not address the adequacy of § 10.73.140.

Therefore, if Section 10.73.090 is an independent and adequate state procedural rule, Shumway's claims of severance, ineffective assistance of counsel, and improper redaction would be barred from federal habeas corpus review.[23]

Shumway conceded to the Washington Supreme Court that none of the statutory exceptions to Section 10.73.090 applied to her case. We therefore review the adequacy of Section 10.73.090 as a procedural bar without consideration of the exceptions to that rule that are listed in Wash. Rev. Code § 10.73.100. We thus reject Shumway's contention that the Washington procedural bar rule is not "independent" because that argument is based solely on the exceptions listed in Section 10.73.100.

Shumway has failed to cite authority which would indicate that Section 10.73.090 is not adequate to bar federal habeas review. To the extent that Shumway cites cases dealing with petitions filed before July 23, 1990, the date on which Section 10.73.090 became applicable, those cases are irrelevant to the issue of whether Section 10.73.090 is consistently applied. Shumway also cites several cases that apply other Washington procedural rules, namely Section 10.73.140 and Wash. R.App. Proc. 16.4(d). These cases are also irrelevant to the determination of the adequacy of Section 10.73.090. Of the cases Shumway cites, only *In re Pirtle*,[24] a death penalty case, actually involves Section 10.73.090. Even assuming that the Washington Supreme Court simply chose to disregard their procedural rule to reach the merits in that particular death penalty case, it does not demonstrate that Wash-

ington courts do not invoke the rule "[i]n the vast majority of cases."[25] Therefore, Shumway has failed to demonstrate that Wash. Rev.Code § 10.73.090 is not an adequate and independent state procedural rule that bars her claims from federal habeas review.[26]

## D. Actual Innocence

■ Shumway urges that the district court erred in refusing to consider the merits of her procedurally defaulted claims, namely ineffective assistance of counsel, because she lacked the capacity to form the intent to murder that was required for a conviction of first-degree murder. She claims that her procedural default should be overlooked because of evidence that she may actually be innocent. To support her argument, Shumway submits an evaluation by a psychologist. The psychologist's report concludes that Shumway "had a convoluted and inmeshed relationship with her mother which may have made it difficult or impossible to resist her mother's decisions about ending her grandmother's life. Alexis is so ambivalent, narcissistic, paralyzed, and controlled by her mother's actions, that she may have lacked the ability to resist or deter the events in any significant way."

■ "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural de-

---

23. *See Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

24. 136 Wash.2d 467, 965 P.2d 593 (1998).

25. *Dugger v. Adams*, 489 U.S. 401, 410 n. 6, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989).

26. To the extent that Shumway challenges the alternative holding of the district court, that her claims would be procedurally barred by Wash. Rev.Code § 10.73.140, we need not

address her contention because we find that her claims would be procedurally barred by Section 10.73.090. In reaching our conclusion, we also do not rely on the Washington Supreme Court's discussion of its procedural rules in *Shumway v. Payne*, 136 Wash.2d 383, 964 P.2d 349 (1998), the opinion answering the questions certified by the district court. Therefore, we need not address Shumway's contention that reliance on that decision in this appeal would be inappropriate.

fault."[27] "Actual innocence can be established if the petitioner demonstrates that 'it is more likely than not that no reasonable juror would have convicted him.'"[28] The Supreme Court has recently discussed the scope of this exception:

> The miscarriage of justice exception is concerned with actual as compared to legal innocence. We have often emphasized "the narrow scope" of the exception. To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. Given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected.[29]

At most, the psychologist's report shows that it is possible that a jury would not have convicted Shumway of first-degree murder. It does not make it "more likely than not that no reasonable juror would have convicted" Shumway.[30] Therefore, Shumway has failed to demonstrate that she qualifies for the "actual innocence" exception to the procedural default rule.

### III.

The judgment of the district court denying Shumway's petition for writ of habeas corpus is AFFIRMED.

**27.** *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

**28.** *United States v. Benboe,* 157 F.3d 1181, 1184 (9th Cir.1998) (quoting *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).

**29.** *Calderon v. Thompson,* 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (internal citations and quotations omitted).

**30.** *Benboe,* 157 F.3d at 1184.

