**Jeffrey Merrick LOGAN, Petitioner–Appellant,**

v.

**Terry L. STEWART; Grant Woods, Respondents–Appellees.**

No. 98–16677.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2001.

Decided Jan. 24, 2001.

---

Before SNEED, GRABER, and PAEZ, Circuit Judges.

## MEMORANDUM[1]

Jeffrey Logan appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We review the district court's decision to deny a 28 U.S.C. § 2254 habeas petition de novo, *Bribiesca v. Galaza*, 215 F.3d 1015, 1018 (9th Cir.2000), and we affirm.

■ Logan first contends that the admission of his statements to law enforcement officers violated his due process rights because he made the statements in reliance on promises of immunity. We find that the state courts' rulings that Logan's statements were voluntary were neither "contrary to, [n]or involved an unreasonable application of[] clearly established Federal law," as is required for relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254(d)(1).

"[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause...." *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). "[I]n most circumstances, speculation that cooperation will benefit the defendant or even promises to recommend leniency are not sufficiently compelling to overbear a defendant's will." *United States v. Harrison*, 34 F.3d 886, 891 (9th Cir.1994). Therefore, because Logan's claim is solely that the police officers induced his cooperation through false promises of leniency and immunity, we cannot conclude that the state courts' rulings were contrary to or an unreasonable application of federal law. *Cf. United States v. Byram*, 145 F.3d 405, 408 (1st

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Cir.1998) (finding statements voluntary in a similar factual situation because, after *"Connelly,* it would be very hard to treat as coercion a false assurance to a suspect that he was not in danger of prosecution").

■ Second, Logan claims that the admission of victim Sandra Soh's testimony that he sexually assaulted her so prejudiced the jury as to deny him a fair trial in violation of his constitutional due process rights. Under AEDPA, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted all the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1), (b)(1)(A). "AEDPA disfavors a state waiver of exhaustion," *Lurie v. Wittner,* 228 F.3d 113, 123 (2nd Cir.2000), and the apparent inconsistencies in the State's brief are insufficient to constitute the "express[] waive[r]" required by AEDPA. 28 U.S.C. § 2254(b)(3). Logan did not "make [any] federal basis of the claim explicit" in his petitions to the state courts. *Lyons v. Crawford,* 232 F.3d 666, 668 (9th Cir.2000); *see also Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir.2000); *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999). Therefore, Logan failed to exhaust the claim, and we do not consider it on the merits.

AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.