Agapito Valdivia **RUVALCABA**, Petitioner–Appellant,

v.

John **RATELLE**, Warden; Attorney General of the State of California, Respondents–Appellees.

No. 00–55557.

D.C. No. CV–99–13093–FMC.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 13, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, KLEINFELD, and McKEOWN, Circuit Judges.

MEMORANDUM **

Agapito Valdivia Ruvalcaba appeals the district court's denial of his petition for habeas corpus as untimely under 28 U.S.C. § 2244(d)(1). We issued a certificate of appealability with respect to the following issues: (1) Is there an exception to AEDPA's limitations period for claims of actual innocence? If so, what showing of actual innocence must a petitioner make when no 28 U.S.C. § 2254 petition has ever been filed? (2) Has Ruvalcaba raised an actual innocence claim by asserting both that he is actually innocent of the crime for which he was convicted and that, had counsel presented the defense Ruvalcaba urged, he would not have been convicted? (3) If there is no exception to AEDPA's limitations period for actual innocence claims, is the lack of any such exception an unconstitutional suspension of the Writ? We need not reach the first and third issues, because we conclude that Ruvalcaba has not raised a claim of actual innocence.

In order to demonstrate actual innocence in a collateral proceeding, a petitioner must present "new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 298, 299, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Ruvalcaba has not "support[ed] his allegations of constitutional error with new reliable evidence,—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial." *Id.* at 324, 115 S.Ct. 851. See also *Shumway v. Payne,*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

223 F.3d 982, 990 (9th Cir.2000) ("[A]ctual innocence must be based on reliable evidence not presented at trial.") (citation omitted). Ruvalcaba has not suggested the existence of any new exculpatory evidence whatsoever. Although he used the word "innocent" in his objections to the magistrate judge's report and recommendation, his claim of innocence is based solely on the argument that there was not sufficient evidence of guilt at trial to support the conclusion that he was aware of the 40 kilograms of cocaine in the trunk of the car he was driving. This sufficiency of the evidence argument is not enough to make out a claim of actual innocence. *See Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.")

Without a claim of actual innocence, we cannot consider Ruvalcaba's arguments that his counsel provided ineffective assistance. *See Schlup,* 513 U.S. at 315 (a procedural claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.").

Accordingly, we conclude that the district court did not err in denying the petition as time-barred.

AFFIRMED.