Mario Y. SOLANO, Petitioner–Appellant,

v.

Don TAYLOR, Warden Respondents–Appellees.

No. 00–55742.
D.C. No. CV–99–08492–RAP.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 13, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, KLEINFELD, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Mario Y. Solano appeals the district court's denial of his petition for habeas corpus as untimely under 28 U.S.C. § 2244(d)(1). We issued a certificate of appealability with respect to one issue: whether the district court violated the petitioner's right to due process by dismissing his petition as untimely. We conclude that it did not.

Petitioner argues that the district court erred in dismissing his petition as untimely because he presents a claim of actual innocence. In order to demonstrate actual innocence in a collateral proceeding, a petitioner must present "new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 298, 299, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Solano has not "support[ed] his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial." *Id.* at 324, 115 S.Ct. 851. See also *Shumway v. Payne,* 223 F.3d 982, 990 (9th Cir.2000) ("[A]ctual innocence must be based on reliable evidence not presented at trial.") (citation omitted). Petitioner has not suggested the actual existence of any new exculpatory evidence whatsoever. His claim of innocence is based solely on the notion that, had there been evidence of powder burns on the victim, effective cross-examination would have elicited such evidence, tending to disprove the prosecution's case. Without any indication that the hoped-for evidence actually exists or ever existed, this allegation falls short of making out a claim of actual innocence.

Without a claim of actual innocence, we cannot consider Solano's arguments that his incarceration violates the Due Process Clause. See *Schlup,* 513 U.S. at 315 (a procedural claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.").

Accordingly, we conclude that the district court did not err in denying the petition as time-barred.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.