**Russell Eugene MEFFORD, Petitioner—Appellant,**

v.

**Cal A. TERHUNE, Respondent— Appellee.**

No. 01–15016.
D.C. No. CV–98–00308–FCD.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 18, 2002.

Decided April 1, 2002.

Before GOODWIN, SNEED, and TROTT, Circuit Judges.

## MEMORANDUM *

Russell Eugene Mefford ("Mefford"), a California state prisoner, appeals the federal district court's denial of his habeas petition challenging his conviction for first degree murder. We have jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's denial of a habeas petition, *see Duckett v. Godinez,* 67 F.3d 734, 739 (9th Cir.1995), and we affirm.

Federal habeas appeals are governed by the Antiterrorism and Effective Death Penalty Act, which requires this Court to examine whether the state court determinations were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). Under this standard, habeas relief is available only when we are firmly convinced that the state court clearly erred in its application of federal law. *Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir. 2000).

## I. SUFFICIENCY OF THE EVIDENCE

Mefford raises three errors in his habeas appeal. First, Mefford claims that his conviction was based on an erroneous jury instruction on lying-in-wait, in violation of due process. After hearing the evidence, the jury was allowed to convict Mefford of first degree murder if it found either premeditation, lying-in-wait, or felony murder. Mefford claims that there was insufficient evidence to support a finding of lying-in-wait and that this basis should have been excluded from the jury. Even assuming that this factual deficiency existed, his con-

viction is valid because there was sufficient evidence to support his conviction on alternative grounds. *See Griffin v. United States,* 502 U.S. 46, 59–60, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991); *People v. Guiton,* 4 Cal.4th 1116, 17 Cal.Rptr.2d 365, 847 P.2d 45, 51 (Cal.1993). The prosecution introduced evidence, which if believed, could support a finding of premeditation and deliberation. The jury was instructed to disregard any instruction that it found unsupported by the evidence. In such a case, "because a jury is 'equipped to analyze the evidence[,]' . . . a court may assume that it rested its verdict on the ground that the facts supported." *Keating v. Hood,* 191 F.3d 1053, 1062 (9th Cir.1999) (quoting *Griffin,* 502 U.S. at 59, 112 S.Ct. 466). Even if the instruction was erroneous, it had no "substantial and injurious effect" on the verdict. *Shumway v. Payne,* 223 F.3d 982, 986 (9th Cir.2000) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)).

## II. EVIDENTIARY RULINGS

Mefford also raises two claims of evidentiary errors related to his alleged fear of the Mexican mafia. A state court's evidentiary rulings do not give rise to habeas relief unless they violate federal rights. *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Mefford claims that these evidentiary rulings violated his Sixth Amendment and Due Process rights. A criminal defendant's Sixth Amendment right to present a defense, however, is "not unlimited, but rather is subject to reasonable restrictions." *United States v. Scheffer,* 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998). And in order to violate due process, the rulings must be errors so egre-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

gious that they render the trial fundamentally unfair. *Estelle,* 502 U.S. at 72–73, 112 S.Ct. 475.

## A. Mefford's Testimony

Mefford sought to introduce evidence of his mental state on the night of the shootings to bolster his claim of self-defense. The court ruled that if Mefford were to put his mental state at issue, the prosecution could offer alternative explanations for his nervous mental state, including limited references to Mefford's other felonies and his fugitive status. Mefford claims that he limited his testimony regarding the Mexican mafia because of this ruling.

Even assuming that the trial court erred in this ruling, it did not render the trial fundamentally unfair. Mefford testified about his fears of the Mexican mafia, the failed drug transaction, and the death threats he had received. He has not specified what other testimony he would have submitted or how he was constitutionally harmed by the exclusion of such evidence.

## B. Limitation of Defense Expert

In addition, Mefford also claims that the court improperly restricted the testimony of a defense expert. Because of this restriction, Mefford decided not to put on his rebuttal expert and claims that the limitation was a violation of due process and his right to present evidence. However, "[t]he qualifications of an expert witness are for the trial court," *see People v. Penny,* 44 Cal.2d 861, 285 P.2d 926, 929 (Cal. 1955), which has "considerable latitude" in making this determination. *People v. Kelly,* 17 Cal.3d 24, 130 Cal.Rptr. 144, 549 P.2d 1240, 1250 (Cal.1976). The trial court's "ruling will not be disturbed on appeal unless a manifest abuse of discretion is shown." *Id.* The trial court did not abuse its discretion by limiting the defense expert's expertise to those years in which he had direct knowledge of the drug trade. The defense expert specifically admitted to the trial court that he had no knowledge of the relevant state of the methamphetamine trade during the time period subsequent to his tenure as a narcotics officer.

The trial court's evidentiary rulings with respect to Mefford's testimony are not errors, let alone errors so egregious as to violate due process. In addition, the rulings do not violate Mefford's Sixth Amendment right to present a defense. Any error in jury instruction did not prejudice the defendant. Accordingly, the state appellate court's affirmation of his conviction did not violate clearly established federal law, and his federal habeas petition was properly denied.

AFFIRMED.