**Wade Nolan CLAY, Petitioner–Appellant,**

v.

**Terry STEWART, Director, Respondent–Appellee.**

No. 00–15723.

D.C. No. CV–97–00714–ROS.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2002.*

Decided March 17, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

## MEMORANDUM**

Arizona state prisoner Wade Nolan Clay appeals pro se the denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Shumway v. Payne,* 223 F.3d 982, 984 (9th Cir.2000), and we affirm in part and reverse in part.

Clay contends that the district court erred in finding that his petition contained unexhausted issues. He first argues that he fairly presented the issue of a particular juror's misconduct as a federal constitutional issue when he cited federal case law in his direct appeal.

In order to exhaust a claim, appellant must have fairly presented it as a federal issue by specifically indicating to the state court that the claim was based on federal law. *See id.* at 987–88. That indication must be explicit, by either citing federal law or the decision of federal courts. *Gatlin v. Madding,* 189 F.3d 882, 889 (9th Cir.1999).

Upon review of the record, we conclude that Clay fairly presented this issue in his direct appeal to the Arizona Court of Appeals when he cited to federal case law and the discussion therein. Accordingly, we remand this issue to the district court for an evaluation on the merits. *See Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir.2000), *as modified by* 247 F.3d 904 (9th Cir.2001).

Clay also contends that he exhausted two other issues by presenting them in a

---

petition for review before the Arizona Supreme Court. However, under Arizona law, a claim not raised in the trial court or the first appeal is waived. *See State v. Schackart,* 190 Ariz. 238, 947 P.2d 315, 337 (1997) (en banc). Accordingly, these claims were not properly exhausted. Because Clay has failed to establish cause and prejudice for his procedural default, or that a fundamental miscarriage of justice resulted from the alleged constitutional violation, this court is barred from reviewing these two issues. *See Coleman v. Thompson,* 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

**AFFIRMED in part, REVERSED in part, and REMANDED with instructions.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.