John TITUS, Petitioner–Appellant,

v.

Craig TURNBULL, Respondent–Appellee,

No. 03–35771.

D.C. No. CV–02–00262–A–JKS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 2005.

Decided March 28, 2005.

Mary C. Geddes, FPDAK–Federal Public Defender's Office, Anchorage, AK, for Petitioner–Appellant.

Nancy R. Simel, AGAK–Office of the Alaska Attorney General, Anchorage, AK, for Respondent–Appellee.

Before B. FLETCHER, GOULD, Circuit Judges, and KING,* District Judge.

## MEMORANDUM**

John Titus appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2254 habeas petition as unexhausted. We review de novo whether Titus exhausted state remedies for purposes of 28 U.S.C. §§ 2254(b)(1)(A), 2254(c). *Vang v. Nevada*, 329 F.3d 1069, 1072 (9th Cir.2003). We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

We agree with Judge Singleton that Petitioner failed to "fairly present" to Alaska state courts—in either of his direct appeals—federal claims regarding whether the jury's consideration of extrinsic evidence violated rights under the Sixth and Fourteenth Amendments to the United States Constitution. *See Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004) ("[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**262**

the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."); *see also Casey v. Moore*, 386 F.3d 896, 911 n. 12 (9th Cir.2004) ("[W]e decline to conclude that state supreme court justices may be charged with reading all cases that are cited in the cases on which a petitioner relies.").

Titus' state appeals concerned an application of Alaska Rule of Evidence 606(b) regarding consideration of "extraneous prejudicial information" by a jury, not whether constitutional rights were violated. Although the Alaska Supreme Court's opinion in the first appeal acknowledges that constitutional interests can be at stake in interpreting Rule 606(b), the opinion interprets Alaska evidentiary law in light of Alaska's particular conditions. *See Titus v. State*, 963 P.2d 258, 262–63 (Alaska 1998). Titus did not explicitly raise, nor argue, federal constitutional principles. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.1999) ("[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."). Even if constitutional principles are implicit in a Rule 606(b) analysis, such implicit analysis does not exhaust a constitutional claim. *See, e.g., Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir.2000) ("[T]he mere fact that the [state] Supreme Court was aware of the underlying facts that may have given rise to a federal constitutional claim is insufficient to exhaust [a petitioner's] federal claim.").

**AFFIRMED.**