**Guy M. RASMUSSEN, Petitioner–Appellant,**

**v.**

---

Scott FRAKES,* Respondent–Appellee.

No. 07–35016.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 2009.

Filed April 20, 2009.

Guy M. Rasmussen, Monroe, WA, pro se.

Gregory J. Rosen, Esq., Ronda Denise Larson, Esq., AGWA—Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Respondent–Appellee.

Before: B. FLETCHER, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM [1]

Petitioner Guy Rasmussen appeals the district court's dismissal of his petition for habeas corpus brought under 28 U.S.C. § 2254. We affirm. Because the parties are familiar with the facts and procedural

---

motion. National Insurance did not file the motion.

* Scott Frakes is substituted for Richard Morgan as the new superintendent of the Monroe Correctional Complex. *See* Fed. R.App. P. 43(c)(2).

1. This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

history of this case, we will not recount it here.

## I

The district court correctly dismissed claims eight and eleven of Rasmussen's petition for habeas corpus because Rasmussen did not fairly present them to the Washington Court of Appeals and they are now procedurally barred. *See Casey v. Moore,* 386 F.3d 896, 920–21 (9th Cir. 2004). Rasmussen's personal restraint petition in the Washington Court of Appeals did not place the state courts on notice that he was raising claim eight as a federal constitutional claim. *See Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000) (a "naked reference to due process" is insufficient to fairly present a federal constitutional claim to state courts) (internal quotation marks omitted). Rasmussen's concession that he failed to present claim eleven as a federal constitutional claim in the Washington Court of Appeals is dispositive as to that allegation. *See Casey,* 386 F.3d at 918 ("Because we conclude that Casey raised his federal constitutional claims for the first and only time to the state's highest court on discretionary review, he did not fairly present them."). We find no cause for this failure. *See Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 909 (9th Cir. 1986).

## II

We grant Rasmussen's motion to broaden the certificate of appealability to include his claim that the jury saw him in shackles in violation of his due process rights. *See Miller–El v. Cockrell,* 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (reciting standard for grant of a certificate of appealability). Although we grant the motion for an expanded certificate of appealability, we deny the claim on the merits.

Clearly established federal law holds that a defendant may be shackled in view of the jury "only in the presence of a special need." *See Deck v. Missouri,* 544 U.S. 622, 626, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005). Washington has not argued that Rasmussen's shackling was justified by any special need. We therefore assume that it would have been constitutional error for jurors to have seen Rasmussen's shackles.

We conclude, however, that there is insufficient evidence in the record to warrant an evidentiary hearing on whether any juror saw Rasmussen's restraints. When considering a § 2255 petition, the district court shall hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see United States v. Leonti,* 326 F.3d 1111, 1116 (9th Cir.2003). However, " '[m]erely conclusory statements in a § 2255 motion are not enough to require a hearing.' " *United States v. Johnson,* 988 F.2d 941, 945 (9th Cir.1993) (quoting *United States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir.1980)). Besides his own conclusory allegations, Rasmussen's only evidence that jurors may have seen his restraints is an affidavit from his trial counsel stating that boxes were placed "on the floor in front of defense counsel's table in order to shield the defendant's shackles from view by the jury," and that "it is unclear how successful this was." This statement is insufficient to warrant an evidentiary hearing. *See Gonzalez v. Knowles,* 515 F.3d 1006, 1014 (9th Cir. 2008) (a petitioner is not entitled to an evidentiary hearing on claims "grounded in speculation").

**AFFIRMED.**