Argued and submitted November 30, 1984, affirmed February 6, reconsideration denied March 15, petition for review denied April 16, 1985 (299 Or 37)

STATE OF OREGON,
*Respondent.*

*v.*

JAMES JESSE TYSON,
*Appellant.*

(C84-01-30185; CA A31434)

694 P2d 1003

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Salem, James E. Mountain, Jr., Solicitor General, and Robert E. Barton, Assistant Attorney General.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant seeks reversal of his convictions for the crimes of attempted escape in the first degree, a Class B Felony, ORS 162.165, and menacing, a Class A Misdemeanor, ORS 163.190. He contends that he was entitled to be tried separately on these offenses and that the trial court erred in not granting his motion to sever his case for trial from that of his jointly indicted codefendant. We conclude that the trial court did not abuse its discretion in denying defendant's motion and affirm.

This is the first case presented to us challenging a trial court's denial of a defendant's motion for severance under ORS 136.060 *as amended by* Or Laws 1983, ch 705, § 1:

"(1) When two or more defendants are jointly charged with commission of the same crime or crimes, whether felony or misdemeanor, or with the commission of different misdemeanors, all of which occurred as part of the same act or transaction, they may be tried separately or jointly in the discretion of the court. In ordering separate trials, the court may order a separate trial for one or more defendants and a joint trial for the others, or may order a separate trial for each defendant.

"(2) When two or more defendants are jointly charged with different felonies all of which occurred as part of the same act or transaction, the state is entitled to have such defendants tried jointly, except that each such defendant who, before trial, moves the court for a separate trial shall be granted a separate trial.

"(3) When two or more defendants are jointly charged other than as provided in subsection (1) or (2) of this section, the determination of whether the defendants shall be tried jointly or separately shall be in the discretion of the court."

The statute represents a clear shift in legislative policy toward defendants jointly charged with the same felonies arising from one act or transaction. Previously such defendants were entitled as a matter of statutory right to separate trials at the request of any one of them, *see State v. Tremblay,* 4 Or App 512, 520, 479 P2d 507, *rev den* (1971), as distinguished from defendants charged with the same misdemeanors for whom the decision as to joint or separate trials

depended on the discretion of the court.[1] The 1983 amendment abandoned the previous rule for defendants jointly charged with felonies.[2] Now, they are treated the same as defendants jointly charged with misdemeanor offenses and the decision as to joint or separate trials is left to the trial court's discretion.

Thus, the only issue we need decide is whether the trial court in this case abused its discretion by denying defendant's motion for severance.

Defendant and his codefendant, McGee, were jointly indicted for attempted escape in the first degree and menacing. At the time of the hearing, the trial judge knew that the former charge arose out of a cooperative attempt to escape from the Multnomah County Detention Center. The latter charge involved a guard, who both men allegedly assaulted in concert. The trial judge denied the motion, holding, in part:

"It seems to me this is a simple—fairly simple transaction. It occurred in a very short period of time. It appears the accusation is that—well, it involves two people united in interest.

"* * * * *

"I am going to exercise the discretion the legislature has granted in favor of trying these [defendants] jointly."

Defendant suggests that, because the affidavit by counsel for McGee in support of the motion to sever asserted that defendant would attempt to fix blame on McGee, the defenses of both defendants were impaired to the extent that separate trials should have been granted. We disagree. A trial court's denial of a motion to sever can be outside its discretion only when there is a compelling reason for granting the motion. We do not regard the single reason cited by this defendant as compelling. Thus, we hold that no abuse of discretion occurred.[3]

---

[1] Before amendment, ORS 136.060 provided:

"When two or more defendants are jointly indicted for a felony, any defendant requiring it shall be tried separately; but in other cases, defendants jointly indicted may be tried separately or jointly, in the discretion of the court."

[2] However, defendants jointly charged with different felonies arising from the same act or transaction still retain the right to have separate trials if one of them requests it before trial. ORS 136.060(2).

[3] The state suggests that the propriety of the trial judge's denial is borne out by the

Affirmed.

---

record, which discloses that defendant probably benefited from a joint trial, because his defense strategy was consistent with the testimony of his codefendant. The state's observation may be correct, but it is irrelevant to the issue under discussion. Appellate review for an abuse of discretion in this context should center on the circumstances as they appeared at the time the motion was ruled on. It would be improper to evaluate the decision *post facto,* that is, in the light of all the facts which were adduced at trial.