**Phillip Jackson LYONS, Petitioner–Appellant,**

v.

**Jackie CRAWFORD, Respondent–Appellee.**

No. 99–17351

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 7, 2000*

Filed Nov. 13, 2000

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Danice Arbor Johnson, Assistant Federal Public Defender, Las Vegas, Nevada, for the petitioner-appellant.

Dorothy Nash Holmes, Deputy Attorney General, Carson City, Nevada, for the respondent-appellee.

Before: O'SCANNLAIN, LEAVY, and GOULD, Circuit Judges.

**O'SCANNLAIN, Circuit Judge:**

We must decide whether the district court properly dismissed a petition for habeas relief for failure to exhaust state court remedies.

**I**

In 1991, Phillip Jackson Lyons was convicted of kidnaping and robbery with use of a deadly weapon following a jury trial in a Nevada state court. Lyons appealed the convictions to the Supreme Court of Nevada. Citing only to decisions of Nevada and California state courts, Lyons argued that there was insufficient evidence to sustain his conviction and that the trial court erred in admitting the testimony of an investigating police officer because it was prejudicial hearsay. The state supreme court dismissed the appeal.

In July 1993, Lyons filed pro se a habeas corpus petition in state court. Lyons raised seven grounds in that petition, only one of which explicitly referred to federal law. On January 4, 1995, the state district court filed a final order summarily denying every ground in Lyons's petition except for ineffective assistance of counsel, which the court ultimately denied as well (after discussing state and federal constitutional standards). Lyons's appeal to the Nevada Supreme Court was summarily dismissed in an order filed February 10, 1998.

On November 16, 1998, Lyons filed this amended petition for writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254. The district court concluded that six of the claims in the petition were unexhausted and could not be reviewed by a federal court on habeas jurisdiction.[1] Lyons declined to press his pe-

---

1. The six claims in Lyons's federal habeas petition that the district court held to be unexhausted are:
    1. "The [state] district court's denial of the appointment of counsel to represent Lyons at the [state] evidentiary hearing of the post-conviction habeas petition[ ] violated Lyons'[s] constitutional right to due process under the 14th Amendment of the U.S. Constitution."

2. "Lyons was coerced by the state into a waiver of the preliminary hearing in violation of his rights to due process of law under the 14th Amendment to the U.S. Constitution."
4. "Racist comments made by a potential juror during jury selection[ ] tainted the jury selection process, thereby violating Lyons'[s] right to a fair and impartial trial and due process of law under the

tition on only the exhausted claim that survived the district court's order. At his request, the district court issued a final order dismissing Lyons's amended petition in its entirety on July 1, 1999.

Lyons filed a timely notice of appeal on July 28, 1999. The district court issued a Certificate of Appealability on July 29, 1999, stating the issue subject to appeal as "whether [Petitioner] has exhausted the following claims: Grounds One, Two, Four, Five, Six and Seven (a)."

## II

■ "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). *See also Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (holding that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims" (citations omitted)). To satisfy the exhaustion requirement of § 2254, habeas petitioners must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) *rev'g Henry v. Estelle,* 33 F.3d 1037 (9th Cir.1994) (internal quotation marks omitted); *see also Crotts v. Smith,* 73 F.3d 861, 865 (9th Cir.1996), superseded by statute on other grounds as stated in *Van Tran v. Lindsey,* 212 F.3d 1143, 1149 (9th Cir.

2000) ("Once the federal claim has been 'fairly presented' to the state courts, the exhaustion requirement is satisfied.").

Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. *See Shumway v. Payne,* 223 F.3d 982, 987–88 (9th Cir.2000). Since the Supreme Court's decision in *Duncan,* this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," *Gatlin v. Madding,* 189 F.3d 882, 889 (9th Cir.1999) (citing *Anderson v. Harless,* 459 U.S. 4, 7, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, *see, e.g., Hiivala v. Wood,* 195 F.3d 1098, 1106–07 (9th Cir.1999); *Johnson v. Zenon,* 88 F.3d 828, 830–31 (9th Cir.1996); *Crotts,* 73 F.3d at 865.

*Hiivala* is the court's strongest statement on the explicitness required in order to exhaust state remedies. There, the court held that a claim of insufficient evidence was not exhausted because the petitioner "did not refer to the Due Process Clause of the United States Constitution" and "cited [neither] the Fourteenth Amendment nor any federal case law involving the legal standard for a federal Constitutional violation predicated [thereon]." *Hiivala,* 195 F.3d at 1106–07.

In *Johnson,* we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state

5th, 6th and 14th Amendments to the U.S. Constitution."

5. "The trial court's admission into evidence at trial [of] the hearsay statement of a police officer[ ] violated Lyons's right to a fair trial and due process of law under the 5th and 14th Amendments to the U.S. Constitution."

6. "There was insufficient evidence presented at trial to support a finding beyond a reasonable doubt of kidnaping,

thereby violating Lyons'[s] right to due process and equal protection of the law under the 5th and 14th Amendments to the U.S. Constitution."

7a. [Ineffective Assistance of Counsel] "Trial counsel failed to acquaint himself with the facts of the case and therefore provided inadequate representation of Lyons during the pretrial proceedings."

and federal standards for reviewing the claim may be or how obvious the violation of federal law is. *See Johnson,* 88 F.3d at 830–31 (indicating that the petitioner's unarticulated federal claim remains "unexhausted regardless of its similarity to the issues raised in state court"). Thus, the court held to be unexhausted the petitioner's claim that his due process rights were violated by admission of prejudicial evidence of prior bad acts, despite the fact that the petitioner had argued to the state court that the admission of such evidence "infringed on his right to present a defense and receive a fair trial." *Id.* at 831 (internal quotation marks omitted). *See also Shumway,* 223 F.3d at 987 (holding that a petitioner's "naked reference to 'due process' " in his state court appeal did not fairly present a federal claim to the state court).

In *Crotts,* the court affirmed the district court's grant of a writ of habeas corpus after concluding that the petitioner had couched his ineffective assistance claim in terms of federal constitutional law. *See Crotts,* 73 F.3d at 865. Despite the fact that it ruled for the petitioner, the *Crotts* court implicitly characterized the Supreme Court's then-recent decision in *Henry* as imposing a particularly rigorous requirement of explicitness on prisoners collaterally attacking their convictions. The *Crotts* court stated that *Henry* requires that they "apprise the state court" of their claims that the alleged errors violated not only state law but federal law. *Id.* at 865. This was done by the petitioner in *Crotts,* the court held, because he had "*explicitly* alleged violations of his right to effective assistance of counsel and his Fourteenth Amendment due process rights." *Id.* (emphasis added).

■ Lyons seeks to avoid this precedent by contending that the required level of explicitness is diminished for petitioners who, like he did, argue pro se in state court. This court has recently and square-ly rejected such an argument. *See Gatlin,* 189 F.3d at 889. In *Gatlin,* the court acknowledged that the petitioner had "adequately described the factual basis for his claim" in state court. *Id.* at 888. Despite the fact that he had also concluded his argument with the assertion that the alleged errors "denied petitioner his State as well as Federal Constitutional rights to a fair trial," however, the *Gatlin* court went on to hold that he had "nowhere identified the federal legal basis" for his claim. *Id.* at 888. In response to the petitioner's argument that the vagueness of his state arguments should be forgiven because he made them pro se, the court held that district courts are not "obliged to construe [petitioners'] papers liberally merely because [they were] proceeding pro se" in state court. *Id.* at 889. The court then cited *Rose v. Lundy,* 455 U.S. 509, 520, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), for the proposition that the standards of explicitness "appl[y] equally to pro se litigants because '[j]ust as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.' " *Id.* The law of this circuit is plainly that a federal claim has not been exhausted in state court unless the petitioner both raised the claim in state court and explicitly indicated then that the claim was a *federal* one—*regardless* of whether the petitioner was proceeding pro se.

### III

■ It is uncontested that Lyons referred neither to provisions of federal law nor to the decisions of federal courts in raising the six unexhausted claims of the instant petition in the Nevada state courts (to the extent that he raised the claims at all).[2] With one exception, Lyons's general reference in his state habeas petition to insufficiency of evidence, his "right to be tried by an impartial jury," "ineffective assistance of counsel" and being "shammed" into waiving a preliminary

---

2. Lyons stated the grounds for his state habeas petition as follows:

1. "The defendant was shammed into waiving his preliminary hearing."

hearing, lacked the specificity and explicitness required for the purported federal constitutional dimension of such claims to have been "fairly presented" to the Nevada courts under our precedent. *See, e.g., Johnson*, 88 F.3d at 830–31 (petitioner's general reference in state proceedings to alleged violations of his "right to present a defense and receive a fair trial" did not satisfy exhaustion requirement). Lyons's failure to apprise the state courts of the federal nature of his claims as required is "especially pronounced" because he *did* explicitly characterize *one* of the alleged errors as offending the federal Constitution-specifically, as "violating the 6th Amendment[ ] and den[ying] the defendant due process"—when he raised it in state court. *Henry*, 513 U.S. at 366, 115 S.Ct. 887 ("The failure [fairly to present the claim] is especially pronounced in that respondent did specifically raise a due process objection before the state court based on a different claim....."). The district court accordingly found this claim, claim six in

> 2. "Defendant's robbery approach to vehicle, along with his permanent physical disability[,] offer concrete evidence to the fact that he had no intentions of kidnapping the victim for the purpose of robbery."
> 3. "When there is evidence that the victim[']s own, unforced[ ] suggestions, propositions, and attempts to trap the defendant may have resulted in vehicular and bodily movement, the defendant should not have been convicted of kidnapping."
> 4. "Ineffective assistance of counsel" (failure to prepare a defense on presumption that Lyons would plead guilty)
> 5. "A 'racist' statement made by a would[-]be juror may have prejudiced the jury. Therefore[ ] depriving the defendant of his right to be tried by an impartial jury."
> 6. "Ineffective assistance of counsel on appeal" (failure to brief all arguable claims)
> 7. "Defense counsel[']s denied Motion for Continuance, in open court, violated the Sixth Amendment, and denied the defendant due process."

3. We leave open the possibility of a third and final method of exhausting state remedies, citation of pertinent state case law explicitly applying federal law. *See, e.g., Barrett v.*

Lyons's state habeas petition, to be exhausted.

 We hold that a petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law.[3] Because it is uncontested that Lyons failed in state court to identify explicitly the claims at issue as *federal* claims, in that he cited neither provisions of federal law nor decisions of federal courts, the district court found that the six claims at issue in the instant case were unexhausted. The district court's conclusion is correct.

AFFIRMED.

*Acevedo*, 169 F.3d 1155, 1161–62 (8th Cir. 1999) (citation to "a state case raising a pertinent federal constitutional issue" satisfies exhaustion requirement); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir.1995) (citation to "state decisions employing constitutional analysis in similar fact patterns" satisfies exhaustion requirement); *Verdin v. O'Leary*, 972 F.2d 1467, 1480 (7th Cir.1992) (holding that petitioner exhausted state remedies by citing "state cases applying constitutional analysis or making reference to the Constitution"). The issue was raised, but not resolved, in *Shumway*, 223 F.3d at 988, where this court held that a habeas petitioner's citation of a state supreme court case in his state appeal was insufficient to fairly present a federal claim. Although the state case cited by the petitioner mentioned the Sixth Amendment, the court explained that a prior state case formed the basis of its holding, the petitioner did not quote from the opinion's discussion of federal law, and, finally, the case's discussion of federal law was not pertinent given that the petitioner did not even allege a violation of his Sixth Amendment rights. *See id.* Because Lyons did not, at any time during his state proceedings, cite to pertinent state case law explicitly applying federal law, we leave this issue for another time.