Robert WASHINGTON, Petitioner–Appellant,

v.

Charles MARSHALL, Warden; California Attorney General, Respondents–Appellees.

No. 00–56956.

D.C. No. CV–98–09157–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 21, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

California state prisoner Robert Washington appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his *nolo contendre* first-degree murder with special circumstances conviction. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). We review de novo the district court's decision to deny a habeas petition, *Wade v. Terhune,* 202 F.3d 1190, 1194 (9th Cir.2000), and we reverse and remand.

Washington contends that the district court erred by finding that Claim 4 of his petition was unexhausted and consequently dismissing the petition as a "mixed petition" under *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). We agree.

Contrary to the district court's apparent interpretation, Washington did not contend in his first California Supreme Court habeas petition that it was the offer of a choice between life without the possibility of parole instead of the possibility of the death penalty that, in and of itself, coerced him into pleading no contest. *See Brady v. United States,* 397 U.S. 742, 751, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) ("We decline to hold, however, that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged."). Rather, as in his federal petition, Washington contended that his plea was involuntary because he was not properly advised of several alleged defenses to the special circumstances allegations, and he therefore accepted the plea offer without adequate knowledge of the true risks and benefits associated with pleading no contest or going to trial.

Because Washington fairly presented this claim to the state courts, *see Lyons v. Crawford,* 232 F.3d 666, 668 (9th Cir.2000), *amended by* 247 F.3d 904 (9th Cir.2001), the district court erred by finding that Claim 4 of the petition was unexhausted.

We therefore reverse and remand for further proceedings.[1]

REVERSED and REMANDED.

---

1. We do not address the issue of whether the district court properly found that Claim 7 of the petition was unexhausted because Washington has not challenged that finding and he has previously stated he wished to delete that claim from his petition.

