**Leon Lloyd TUCKER, Petitioner—Appellant,**

v.

**Jean HILL, Respondent—Appellee.**

No. 02–35720.

D.C. No. CV–00–00955–CO.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2003.*

Decided July 16, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before GOODWIN, HUG, and BERZON, Circuit Judges.

### MEMORANDUM**

Petitioner Leon Tucker ("Tucker") appeals from the district court's denial of his writ of habeas petition. Tucker's habeas petition raises two grounds for relief. First, that his due process rights were violated when the state court refused to sever his case from that of his co-defendants. Second, Tucker alleges that his 30–year sentence is a disproportionate punishment in violation of the Eighth Amendment because his co-defendant, who was more culpable and convicted of the same crimes, received a lesser sentence.

Because the facts of the case are known to the parties, we do not recite them here except as necessary to explain our decision.

Appeal from the United States District Court for the District of Oregon, Michael R. Hogan, District Judge, Presiding.

■ "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "[A] state prisoner has not fairly presented (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law," either by citing federal law or the decisions of federal cases. *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir.2000) (internal citations omitted), *amended by Lyons v. Crawford*, 247 F.3d 904 (9th Cir. 2001).

Tucker's due process claim has been procedurally defaulted because he did not properly present the question as a federal claim to the Oregon Supreme Court. Tucker did not "fairly present" his due process claims to the Oregon Supreme Court because his petition for review did not refer to his appellate court brief, did not mention any provision of the Federal Constitution and did not mention the due process claim. *See Peterson v. Lampert*, 319 F.3d 1153, 1157 (9th Cir.2003) (en banc). The only citation on this point in his petition for review was *State v. Tyson*, 72 Or.App. 140, 694 P.2d 1003 (1985), which was insufficient to "fairly present" or alert the state supreme court to his federal claim. Because Tucker did not fairly present his due process claim to the Oregon Supreme Court, it is procedurally defaulted.

■ Tucker's second claim for relief alleges that his sentence is a disproportionate punishment in violation of the Eighth Amendment. Tucker was sentenced to 30 years after being convicted of two counts of Felony Murder, three counts of Assault in the Second Degree, one count

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of Arson in the First Degree, and two counts of Intimidation in the First Degree. Tucker's disproportionate punishment argument is based on the fact that during sentencing his co-defendant was given a lesser sentence even though the co-defendant was convicted of the same crimes.

Habeas corpus relief cannot be granted unless the state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law ..." 28 U.S.C. § 2254(d)(1). While it was clearly established at the time of Tucker's sentencing that the Eighth Amendment protects against a punishment grossly disproportionate to the crime, *see Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1172–73, 155 L.Ed.2d 144 (2003) (discussing *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), and *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)), Tucker cites no authority clearly establishing that a comparison of the sentences of codefendants is controlling in applying the proportionality principle. Further, it was clearly established at the time of the decision that any error of state law in sentencing rises to the level of a due process violation only if the sentence is arbitrary and capricious. *Richmond v. Lewis,* 506 U.S. 40, 50, 113 S.Ct. 528, 121 L.Ed.2d 411 (1992). It is clear from the record that the state court trial judge gave valid reasons for awarding disproportionate sentences, in particular the remorsefulness and cooperation with authorities displayed by Tucker's co-defendant.

Therefore, the petition for writ of habeas corpus is DENIED.