Allen Arthur BARRIES, Petitioner–
Appellant,

v.

LARSON, Warden, Respondent–
Appellee.

No. 02–15373.
D.C. No. CV–99–00872–GEB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2003.

Decided Aug. 6, 2003.

Before REINHARDT, SILER,* and HAWKINS, Circuit Judges.

MEMORANDUM**

Appellant Allen Arthur Barries entered a negotiated plea of no contest to grand theft (Pen.Code, § 487, subd. (a)) and admitted two prior serious felony convictions, both for robbery (§ 211), within the meaning of the three strikes law (§§ 667, subds. (b)—(i), 1170.12). Based on this "third strike," Barries was sentenced to an indeterminate term of 25 years-to-life. After the California Court of Appeals affirmed the judgment and sentence, the California Supreme Court denied review, and the California courts subsequently denied Barries' numerous habeas petitions, Barries filed a federal habeas petition with the U.S. District Court for the Eastern District of California. Barries appeals from

* The Honorable Eugene E. Siler, Circuit Court Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**8**

the denial of this petition.[1] We affirm the judgment of the district court.

## I

Barries argues that the California Appeals Court's determination that his plea was knowing and voluntary was contrary to U.S. Supreme Court precedent and based on an unreasonable interpretation of the facts.[2] After considering all of the relevant circumstances surrounding Barries' guilty plea, *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), we conclude that he has failed to present sufficient evidence to defeat the "formidable" presumption of verity accorded to plea proceedings when a plea is subsequently challenged in a collateral attack. *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

## II

 Second, Barries asserts that he received ineffective assistance of counsel during his change of plea and motion to withdraw his plea. We conclude that the California Supreme Court's denial of this claim was neither contrary to nor an unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) because counsels' performance did not fall below an objective standard of reasonableness, *id.* at 688, 104 S.Ct. 2052, nor did unprofessional errors

1. Because Barries filed his petition after April 24, 1996, the amendments to 28 U.S.C. § 2254 under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") apply. *Van Tran v. Lindsey,* 212 F.3d 1143, 1148 (9th Cir.2000).

2. The state contends that this claim is procedurally defaulted and fails to state a federal question that was properly exhausted in the state courts and presented to the district court. We hold that there is no procedural

"undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

## III

 Third, Barries contends that his sentence of 25 years-to-life in state prison for grand theft constitutes cruel and unusual punishment in violation of the Eight Amendment. Following *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), we conclude that the Appeals Court's denial of this claim was neither contrary to nor an unreasonable application of the "gross disproportionality" principle.

## IV

For the foregoing reasons, the judgment of the district court is AFFIRMED.

bar to Barries' claim, *see Ylst v. Nunnemaker,* 501 U.S. 797, 805, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991), and that it was properly exhausted as a federal claim in the state courts. *See Acosta–Huerta v. Estelle,* 7 F.3d 139, 141–42 (9th Cir.1992); *Lyons v. Crawford,* 232 F.3d 666, 670, *opinion amended and superceded on other grounds by Lyons v. Crawford,* 247 F.3d 904 (9th Cir.2001). Accordingly, we review Barries' first claim on the merits.