**Richard L. WEBB, Petitioner— Appellant,**

v.

**Terry L. STEWART, Respondent— Appellee.**

No. 03–15534.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 23, 2004.

Richard L. Webb, Mesa, AZ, pro se.

Joseph T. Maziarz, DAG, AGAZ–Office of the Arizona, Attorney General, Phoenix, AZ, for Respondent–Appellee.

Before B. FLETCHER, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Richard L. Webb appeals pro se the district court's order dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and we affirm.

Webb's § 2254 petition alleges that the admission of impeachment and hearsay statements at his trial violated the Fifth, Sixth, and Fourteenth Amendments, and that the jury was improperly coerced in violation of the Sixth and Fourteenth Amendments. The district court concluded that these claims were procedurally defaulted and dismissed the petition.

A federal court cannot grant habeas relief unless the petitioner demonstrates that he or she "has exhausted the remedies available" in state court, or that state remedies are no longer available or effective. 28 U.S.C. § 2254(b)(1)(A)-(B). Section 2254 requires petitioners to "fairly present" their federal claims to the state courts to "give state courts a fair opportunity to act on their claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (emphasis removed).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

A petitioner "fairly presents" a federal claim to the state courts "only if he characterized the claims he raised in state proceedings *specifically* as federal claims." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir.2000).

Although we have held that "citation to a state case analyzing a federal constitutional issue" may establish exhaustion, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir.2003) (en banc), Webb's citation in state court to *State v. Cruz*, 128 Ariz. 538, 627 P.2d 689 (Ariz.1981), did not "fairly present" his claims for improper admission of impeachment and hearsay statements because *Cruz* concerns admission of hearsay evidence under state law. *See id.* at 691.

Likewise, Webb's citation of *Wissel v. United States*, 22 F.2d 468 (2nd Cir.1927), was insufficient to exhaust his jury coercion claim since *Wissel* did not discuss jury coercion under the Sixth Amendment, and Webb cited the case for "the general principle" that a judge must not coerce a jury's verdict and structured his analysis around state law jury coercion standards. Because Webb did not specifically characterize his jury coercion claim before the state court as a federal claim, the district court properly dismissed it as unexhausted. *See Lyons*, 232 F.3d at 670.

AFFIRMED.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.