Luis P. AGUILAR, Plaintiff—Appellee,

v.

WOOLSEY, Arizona Attorney General, Defendant—Appellant.

No. 05–15755.

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2006.*

Filed Aug. 9, 2006.

Anders V. Rosenquist, Jr., Esq., Florence M. Bruemmer, Esq., Rosenquist & Associates, Phoenix, AZ, for Plaintiff–Appellee.

Luis P. Aguilar, Buckey, AZ, pro se.

Karla Hotis Delord, Esq., Office of the Arizona Attorney General, Phoenix, AZ, for Defendant–Appellant.

Before: SILVERMAN and RAWLINSON, Circuit Judges, and BERTELSMAN,** Senior District Judge.

MEMORANDUM ***

Arizona state prisoner, Petitioner–Appellant Luis P. Aguilar, appeals the district

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable William O. Bertelsman, Senior United States District Court for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for taking another's property with the use of threats or force. This appeal arises from Aguilar's claim that his constitutional right to due process and a fair trial was violated at the state trial level due to an allegedly unreliable in-court identification pursuant to *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).

■ The Government asserts that Petitioner did not give the state court a fair opportunity to decide his federal due process claim because he did not present the allegedly prejudicial identification as a federal constitutional issue in the state courts. Therefore, it argues the federal issue is unexhausted and procedurally defaulted.

Procedural default notwithstanding, the Government claims that the unreliable identification claim fails because the trial court's ruling on the issue was not an unreasonable application of federal constitutional law.

Petitioner argues that he did exhaust his state remedies because when he presented the issue of the allegedly tainted line-up to the Arizona Court of Appeals, the arguments in support of his claims were based upon a state case that cited, and was itself based upon, federal constitutional law.

An appeal from denial of a writ of habeas corpus on the issue of whether the petitioner has failed to exhaust the state remedies is reviewed *de novo. Castillo v. McFadden,* 399 F.3d 993, 998 (9th Cir. 2005). The district court's factual determinations are reviewed under the clearly erroneous standard. *Thomas v. Brewer,* 923 F.2d 1361, 1364 (9th Cir.1991).

We find that Petitioner has properly exhausted the Arizona state court remedies so that the tainted pre-trial identification issue is not procedurally defaulted.

In Petitioner's supplemental brief he cited to a state case that involved a legal standard for a federal constitutional violation. This is sufficient to establish exhaustion. *Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir.2000).

■ As for the merits of the appeal, Petitioner claims that the photographic line-up procedure was so suggestive that the admission of the identification evidence based on the line-ups and the trial testimony violated his right to due process. This issue was considered and rejected on the merits by the Arizona Court of Appeals. Petitioner then filed a petition for habeas relief in the federal district court. The district court accepted and adopted the magistrate judge's report and recommendation, which agreed with the Arizona Court of Appeals that the identification procedures were constitutionally adequate. We affirm.

We find that the decision of the district court is supported by the transcripts of record and review of the applicable federal law. The totality of the circumstances was considered and applied to the factors as required by *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The decision of the trial court, affirmed by the state court of appeals, is not an unreasonable application of federal law. Therefore, the habeas petition was properly denied.

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring.

I concur in the result.