**Michael Thomas GREENE,**
**Petitioner–Appellant,**

v.

**James BARTLETT, Warden,**
**Respondent–Appellee.**

No. 05–35130.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Dec. 20, 2006.

Anthony David Bornstein, Esq., FPDOR–Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Carolyn Alexander, Esq., AGOR–Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FERGUSON, O'SCANNLAIN, and FISHER, Circuit Judges.

## MEMORANDUM *

Michael Thomas Greene ("Greene") appeals the District Court's denial of his petition for a writ of habeas corpus. He contends that the Oregon Board of Parole and Post–Prison Supervision ("Board") violated the Ex Post Facto and Due Process Clauses of the United States Constitution when it denied him parole in 2000. The District Court did not reach the merits of these claims. Rather, it held that Greene procedurally defaulted on his federal constitutional claims when he failed to adequately present them to the Oregon state courts. We affirm.

## DISCUSSION

In Greene's appeal before the Oregon Court of Appeals, his counsel submitted a no-merits brief pursuant to *State v. Balfour*, 311 Or. 434, 814 P.2d 1069 (1991), stating that neither appellate counsel nor trial counsel was "able to identify any non-frivolous issues for appeal." [1] Appellate counsel gave Greene the opportunity to submit Section B of the brief, in which he could assert claims on his own behalf with counsel's assistance, but Greene declined to do so. The submitted brief contained

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Oregon Supreme Court in *Balfour* outlined the procedures for representing indigent criminal defendants in appeals where appellate counsel cannot identify any non-frivolous claims. The lawyer submits a two-part brief.

Section A includes a statement of the case and the facts but does not include any assignments of error. If the client wishes to raise claims that the lawyer believes to be frivolous, she may do so in Section B, which only the client signs. If the client does not wish to raise any such claims, the lawyer submits only Section A of the brief. *Balfour*, 814 P.2d at 1079–80.

only counsel's summary of the facts and procedural history, and attached appendices, including the pleadings below. The Oregon Court of Appeals affirmed the lower court's denial of the petition without opinion. *Greene v. Morrow*, 182 Or.App. 675, 52 P.3d 448 (2002). The Oregon Supreme Court denied review. *Greene v. Morrow*, 334 Or. 693, 56 P.3d 405 (2002).

■ Federal habeas corpus law requires a petitioner to exhaust all available remedies in state court prior to pursuing relief in the federal courts. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement reflects, among other values, the federal government's interest in giving state courts the opportunity to correct their own mistakes. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). This opportunity is available only where the prisoner "fairly presents" her claim to each state court, "thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29, 30, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).

In the Ninth Circuit, a petitioner has not fairly presented her federal claim to a state court unless she "specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir.2000), *amended by* 247 F.3d 904 (9th Cir.2001). The federal claim must be apparent from the appellate briefs or other similar papers. *See Baldwin*, 541 U.S. at 32, 124 S.Ct. 1347 ("[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not

alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."). Thus, the petitioner must have included the federal constitutional issue "within the four corners of his appellate briefing." *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir.2004).

■ In the present case, Greene's appeal to the Oregon Court of Appeals consisted of a *Balfour* brief that described the facts of the case but made no assignments of error. Greene concedes that the appeals brief and the petition for review contained no federal claims within their four corners. However, he contends that the documents must be "assessed against the backdrop of his habeas petition and replication." Greene claims that because he *appended* to the appeal his prior pleadings, which did mention the federal due process and ex post facto claims, the Oregon Court of Appeals was on notice of the federal nature of the claims.

Greene's argument is contrary to the language and reasoning of *Baldwin* and *Castillo*. To be sure, "[c]onfused arguments or poor lawyering through inapposite federal citations is [sic] not the same as failing to raise an argument at all." *Sandgathe v. Maass*, 314 F.3d 371, 378 (9th Cir.2002). But under the circumstances here, Greene's failure to raise *any* claim or assign *any* error within the four corners of his state court briefs cannot be considered a fair presentation of his federal claims.[2]

The Supreme Court in *Baldwin* recognized that requiring state courts to search

---

**2.** Our holding is limited to circumstances where, as here, the state court is not required to fully examine the record for error. *See Balfour*, 814 P.2d at 1080 (holding that "[t]he Court of Appeals is not required to search the record for error" when reviewing a *Balfour* brief). We do not reach the question whether federal claims are exhausted by appending

prior pleadings to the appeal when the state court is required to engage in an independent review of the entire record, as when counsel seeks to withdraw and submits an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (holding that a court reviewing an *Anders*

through lower court opinions "would impose a serious burden upon judges of state appellate courts." *Baldwin*, 541 U.S. at 31, 124 S.Ct. 1347. The same concern holds true for requiring state appeals courts to read through the pleadings below, especially where, as here, the petitioner himself decided not to submit Section B of his *Balfour* brief assigning error to the lower court.

Because the brief before the Oregon Court of Appeals did not fairly present a federal claim, Greene failed to exhaust his state remedies. Because he can no longer remedy that failure, his claim is procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 735, n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (observing that if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred" then the claim is procedurally defaulted).

**AFFIRMED.**

brief is required to fully examine "all the proceedings"); *Balfour*, 814 P.2d at 1079.