FILED

**NOT FOR PUBLICATION**

MAR 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PETER HALLORAN,

                Petitioner - Appellant,

   v.

MARK J. BENNETT; et al.,

                Respondents - Appellees.

No. 07-16412

D.C. No. CV-04-00577-DAE

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted February 10, 2010
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON and BEA, Circuit Judges.

    Peter Halloran, a Hawaii state prisoner, appeals the district court's denial of

his motion to reconsider the district court's denial of his 28 U.S.C. § 2254 habeas

corpus petition challenging his conviction and 20-year sentence for attempted

sexual assault.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Halloran claims that he should be granted federal habeas relief based on the Fifth and Fourteenth Amendments because he is actually innocent.

A § 2254 habeas petitioner must alert the state courts that he is asserting a federal claim in order to fairly present the legal basis of the claim. *See Picard v. Connor*, 404 U.S. 270, 275-78 (1971); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001). In Halloran's motion for a new trial in Hawaii trial court, he failed to cite any federal cases or any specific federal constitutional provision. In his direct appeals and in post-conviction court, he failed to alert the courts to a constitutional claim of actual innocence by failing to cite to relevant federal cases or a specific federal constitutional provision.

An implied procedural bar occurs when the petitioner has failed to fairly present his constitutional claims to the highest state court but the petitioner would now be barred by a state procedural rule from returning to state court. *See, e.g.*, *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). Halloran failed to fairly present his claim of actual innocence to the highest state court and would be barred from doing so by Hawaii Rule of Penal Procedure 40(a)(3). We are thus barred from considering it.

Halloran's procedural default may be excused if he demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law.

2

To establish cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

The parties agree that Halloran has shown cause for not filing a timely H.R.P.P. Rule 33 motion, but that is not the issue. The issue is whether Halloran has shown some external impediment that prevented him from constructing or raising his federal constitutional claim of actual innocence on direct appeal, or in the state post-conviction courts. Halloran's procedural default results from his failure to comply with H.R.P.P. Rule 40(a)(3). Halloran has not shown cause, and we need not address the issue of prejudice. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Halloran argues that even if he has not demonstrated cause and prejudice, we must hear his constitutional claim because failure to do so will amount to a substantial miscarriage of justice. To prevail on this argument, Halloran must show that "it is more likely than not that no reasonable juror would have convicted him in the light of [Ruiz's testimony]." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Ruiz's testimony is not as exculpatory as Halloran contends. Ruiz's testimony reveals that Ruiz was at the scene for just 60 to 90 seconds before the police arrived, and is otherwise largely corroborative of the other witnesses'

3

testimony. Ruiz's testimony could be of some value to a jury, but it would be just one piece of evidence for a jury that testimony from Halloran, the victim, another eye-witness named Wilson, and other witnesses. Wilson was the first eye-witness at the scene and testified that he saw Halloran on top of the victim, grabbing her, and pounding her head against the pavement. Ruiz's testimony is not so exculpatory that *no* reasonable juror would have convicted Halloran in the light of that testimony.

Even if we were to excuse Halloran's procedural default, his constitutional argument would fail on the merits. The showing of actual innocence required on the merits is higher than the showing of actual innocence required to demonstrate a substantial miscarriage of justice. *Schlup*, 513 U.S. at 313-17.

In his opening brief, Halloran makes four arguments relating to Tegretol, alleged hand and wrist injuries at the time of the assault, allegedly improper closing arguments, and allegedly improper jury instructions. These four arguments are procedurally barred. Halloran offers nothing to the contrary.

**AFFIRMED.**