**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLOW TODD EGGUM, | No. 20-35616 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-01328-RAJ |
| v. | |
| DONALD HOLBROOK, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted June 10, 2021**
Seattle, Washington

Before: W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.
Dissent by Judge COLLINS

Marlow Eggum appeals from the district court's order denying relief on

Ground 7 of his 28 U.S.C. § 2254 petition for habeas corpus, which challenges the

sufficiency of the evidence to support Eggum's stalking conviction. The district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court denied Eggum's petition because it found that he failed to exhaust his sufficiency claim. *See* 28 U.S.C. § 2254(b)–(c). We reverse and remand for further proceedings.

To exhaust his sufficiency challenge, Eggum had to "fully and fairly present[]" his claim to the Washington Supreme Court, which required presenting the claim in a "proper vehicle" that gave the state court the opportunity to remedy any error. *Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) (per curiam). Eggum, who was proceeding pro se, met this burden. On April 10, 2013, he filed a 20-page pleading entitled "Discretionary Review by Supreme Court," which was submitted to the state Court of Appeals and transferred to the Washington Supreme Court as a petition for review.[1] The parties agree that this petition presented Ground 7 as a federal claim challenging the sufficiency of the evidence supporting Eggum's criminal conviction. *See Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (as amended) (holding that a citation to federal case law is sufficient to characterize a claim raised in state court as a federal claim).

After Eggum submitted the April 10 petition for review, he filed a motion seeking permission to file a revised petition for review that exceeded the applicable 20-page limit. On April 12, 2013, the Washington Supreme Court entered an order

---

[1] Although Eggum signed the pleading on March 18, 2013, it was not filed in the Supreme Court until April 10. We will refer to this as the April 10 petition.

deferring a ruling on the request to file an overlength petition until the revised petition for review was filed. On April 24, 2013, Eggum filed a second petition for review, which was only 13 pages in length. That petition did not challenge the sufficiency of the evidence supporting Eggum's stalking conviction, but rather sought an evidentiary hearing and the return of property Eggum alleged was illegally seized. Adding confusion to the matter, the Court of Appeals had declined to address those property-related issues in the decision that Eggum was asking the Washington Supreme Court to review. Since Eggum's April 24 petition for review did not exceed the applicable 20-page limit, the Washington Supreme Court took no action on Eggum's earlier request to file an overlength petition.

On April 25, 2013, Eggum filed a motion for reconsideration in which he asked the Washington Supreme Court for permission to file a 50-page petition for review. On the same date, the Washington Supreme Court entered an order denying Eggum's motion, noting that he sought review of a 17-page Court of Appeals opinion and that "[t]he 20-page length allowed by the Rules of Appellate Procedure should be sufficient" to explain why review of that decision was warranted. As the dissent notes, this order suggested that the Washington Supreme Court viewed the 13-page petition filed on April 24 as the "actual petition for review." Dissent at 4 n.1. On May 6, 2013, the State filed a response that

addressed only the issues raised in the 13-page petition for review filed on April 24.

If that is where Eggum had left things, we might agree that he had not fairly presented his sufficiency-of-the-evidence claim to the Washington Supreme Court, given the confusion created by the filing of the April 24 petition for review. But that is not where Eggum left things. On May 15, 2013, after receiving the court's April 25 order and the State's response addressing only the April 24 petition for review, Eggum filed a "Motion to Correct the Record on Appeal Issues Before the Court." In that motion, Eggum clarified that he wanted the Washington Supreme Court to treat the April 10 petition challenging his criminal convictions as the operative petition for review. The motion stated (referring to the State's response brief):

> At Footnote-2, page-2 of Hillman's May 6, 2013, brief he misleads the Court [by] stating the April 24, 2013 pleading is the "petition for review" at issue. That is incorrect. That property issue is under appeal but it isn't the "petition for review" as it relates to the criminal conviction counts. . . . The "petition for review" as it relates to the criminal convictions is the 20-page brief filed on March 18, 2013 (my signature date on last page).

The Washington Supreme Court subsequently denied Eggum's motion to correct the record and his petition for review, without specifying which petition it was denying.

In our view, although Eggum's earlier actions certainly caused confusion as to which petition he wanted the Washington Supreme Court to review, his motion to correct the record sufficiently clarified that the April 10 petition challenging his criminal convictions should be treated as the operative petition for review. Thus, regardless of which petition the Washington Supreme Court actually considered, Eggum fairly presented his sufficiency-of-the-evidence claim to the court. The combination of Eggum's April 10 petition and his subsequent motion to correct the record provided the Washington Supreme Court with a "meaningful opportunity" to consider Eggum's sufficiency claim, thus satisfying § 2254's exhaustion requirement. *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

We remand the case to the district court to address the merits of Ground 7 of the Second Amended Petition in the first instance.

Given our conclusion that Eggum has exhausted his sufficiency claim, Eggum's motion to stay appellate proceedings (Dkt. 37) is DENIED as moot.

**REVERSED and REMANDED.**

COLLINS, Circuit Judge, dissenting:

I dissent from the majority's conclusion that Marlow Eggum properly exhausted, in the Washington state courts, his claim that the evidence supporting his stalking conviction was insufficient under federal constitutional standards. Exhaustion requires a petitioner to "fairly present[] the federal claim to the appropriate state courts . . . in the manner required by the state courts," *Casey v. Moore*, 386 F.3d 896, 915–16 (9th Cir. 2004) (emphasis omitted), and Eggum failed to do so.

In his direct appeal to the Washington Court of Appeals, Eggum's counsel filed a brief raising several issues concerning Eggum's conviction and sentence. In addition, Eggum filed a *pro se* supplemental "Statement of Additional Grounds," as permitted by the state appellate rules. *See* WASH. R. APP. P. 10.10(a) ("In a criminal case on direct appeal, the defendant may file a pro se statement of additional grounds for review to identify and discuss those matters related to the decision under review that the defendant believes have not been adequately addressed by the brief filed by the defendant's counsel."). As the State explained in its response, Eggum's Statement raised a wide variety of issues, including "complaints about past seizures of Eggum's collection of sexually explicit imagery." The State provided a substantive response to nine of the issues Eggum

raised, but the State declined to respond to certain issues that it contended were not properly raised, including Eggum's arguments that "evidence in prior cases was unlawfully seized." In its decision in Eggum's appeal, the Washington Court of Appeals considered and rejected several of the issues raised in Eggum's *pro se* Statement, including his contention that the evidence was insufficient to sustain any of his convictions. The court agreed, however, that Eggum's "arguments related to seizure of property in prior criminal proceedings" were "not before us in this appeal of his 2011 judgment and sentence."

Eggum then sought review in the Washington Supreme Court, filing a 20-page petition for review that, generously read, raises the issue of whether the evidence supporting his stalking conviction was insufficient. Eggum wanted also to raise several additional issues, however, and he therefore sought permission to file a petition that would exceed the 20-page limit allowed by the rules. Specifically, Eggum filed a "Motion for Re-write," asking for leave to file a rewritten and overlength petition for review. In describing the additional issues that assertedly justified an overlength petition, Eggum contended, *inter alia*, that the court of appeals had improperly ignored issues raised in his *pro se* Statement of Additional Grounds. In making this contention, Eggum specifically reiterated his argument, previously raised in the Statement, that he had been the victim of a conspiracy by the trial judge and others that went "back to 2004 and involve[d]

2

granting unlawful seizures of Mr. Eggum's pornography." The Washington Supreme Court granted Eggum leave to file a revised petition, but it deferred ruling on his request for more pages until the proposed new petition was submitted. The court's order cautioned, however, that "it is unlikely that more than 4–5 additional pages would be allowed over the limit of 20 pages" provided in the applicable rules.

In response to this clear order allowing Eggum to file a revised petition raising all issues and warning him that he would not be granted more than a few additional pages, Eggum instead confusingly filed a new 13-page petition that only raised additional issues—namely, his complaints about the prior seizure of his property. Presented with this new petition for review, the clerk of the Washington Supreme Court understandably treated that document as a *replacement* petition filed in accordance with the order granting Eggum's motion to rewrite his petition.

Shortly thereafter, Eggum sought reconsideration of the failure to authorize more pages, so that he could raise yet additional issues. The Washington Supreme Court denied this motion, noting that Eggum had already filed a petition within the page limits—referring to the *second* petition—and that there was no good cause for more pages. After the state responded only to the second petition, Eggum filed a "Motion to Correct the Record," in which he took the position that he was entitled to review of *both* petitions, even though the resulting 33 pages were well in excess

3

of the page limit and not authorized by any rule or court order.  The Washington

Supreme Court denied the motion and denied the second petition.[1]

The result of Eggum's various efforts to escape the page limits in the

Washington Supreme Court is that his first petition was deemed replaced and that

court never ruled on it.  The majority nonetheless faults the Washington Supreme

Court, concluding that Eggum's motion to correct the record made clear that he

wanted the first petition to be treated "as the operative petition for review."  *See*

Mem. Dispo. at 4; *see also id*. at 5 (Eggum's motion to correct "sufficiently

clarified" that the first petition "should be treated as the operative petition for

review").  To the extent that the majority insinuates that Eggum's motion told the

Washington Supreme Court to *ignore* the second petition and to treat *only* the first

petition as the "operative" petition, that suggestion is simply false.  Eggum's

motion to correct makes quite clear that he considered *both* petitions to be

operative and valid—he had one petition for review raising issues "relate[d] to the

criminal convictions" and another raising "a different appellate issue (the return of

property and/or request for an evidentiary hearing)."  Far from withdrawing the

second petition for review, Eggum's motion reaffirms that the "property issue *is*

---

[1] The majority is wrong to the extent that it speculates that the state high court may have been ruling on the first petition.  *See* Mem. Dispo. at 4–5.  The court marked the first petition as "replaced" and its order denying the motion for more pages unambiguously stated that the petition filed "[s]ubsequently" to the order granting leave to rewrite—*i.e.*, the second petition—was the "actual petition for review."

4

*under appeal* but it isn't the 'petition for review' as it relates to the criminal conviction counts" (emphasis added). Indeed, in the concluding paragraph summarizing the relief Eggum sought, the motion to correct asks the court to order the State to respond to the first petition *and* to file a further response to the *pro se* Statement of Additional Grounds that Eggum had filed below.

The majority also suggests that the Washington Supreme Court should have recognized that there was only one operative petition for review because "the Court of Appeals had declined to address [the] property-related issues in the decision that Eggum was asking the Washington Supreme Court to review." *See* Mem. Dispo. at 3. But the property issues had been *raised* by Eggum in his Statement of Additional Grounds in the Washington Court of Appeals, and that court expressly concluded, in the decision under review, that Eggum's "arguments related to seizure of property in prior criminal proceedings" were "not before us in this appeal of his 2011 judgment and sentence." Eggum was certainly entitled to ask the Washington Supreme Court to review the court of appeals' refusal to address the property issues on the merits, and his second petition sought to do so. But he either needed to do so in a single 20-page petition that covered all issues arising from the decision under review or he needed to obtain an order allowing more pages. He instead did neither and insisted, in his motion to correct, that he was entitled to two petitions totaling 33 pages.

5

The record thus makes clear that Eggum did not properly present his sufficiency claim in the manner required by the rules and orders of the Washington Supreme Court.  It therefore was not properly exhausted, and we may not consider it.  *Casey*, 386 F.3d at 915–16.  I respectfully dissent.